■ ROBERT ORTIZ, an Infant, by His Mother and Natural Guardian, DENISE ORTIZ, et al., Respondents, v ROSENY NUNEZ et al., Defendants, and EMPIRE CITY SUBWAY COMPANY, Appellant. [821 NYS2d 185]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 31, 2005, which, upon renewal and reargument, adhered to an earlier order and denied defendant Empire City Subway's motion for summary judgment, unanimously affirmed, without costs.

The infant plaintiff was injured when he slipped on gravel while crossing a street. Empire City had performed excavation

work on a nearby street. The motion court correctly found triable issues of fact as to whether Empire City was responsible for the dangerous gravel condition (*see e.g. Lau v City of New York*, 22 AD3d 529 [2005]; *Rodriguez v Parkchester S. Condominium*, 178 AD2d 231 [1991]).

Empire City's argument that it should not be held liable for the negligence of its independent contractor is unavailing. Although one retaining an independent contractor is generally not liable for the latter's negligence, there are exceptions to this rule, such as where the party for whose benefit the work is done knows or has reason to believe that the assigned task involves special dangers inherent in the work or which should have been anticipated (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663 [1992]). In any event, anyone undertaking work on a public highway is under a nondelegable duty to avoid creating conditions dangerous to the users of that thoroughfare (*Emmons v City of New York*, 283 AD2d 244 [2001]; *Tytell v Battery Beer Distrib.*, 202 AD2d 226 [1994]). Concur—Tom, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.