■ ANN MARIE CHERRY, Appellant, v DAYTOP VILLAGE, INC., Respondent. [837 NYS2d 109]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered April 13, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant's motion denied and the complaint reinstated.

After parking her car on defendant's roadway, plaintiff stepped out of her car, fell and was injured. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, finding that plaintiff as a matter of law could not establish what caused her to fall. Plaintiff testified that after she fell she saw cracks on the roadway, but did not see them immediately prior to her fall. Based upon this testimony, Supreme Court concluded that plaintiff could not possibly know whether any of the cracks that she later saw were what caused her to fall, but also which of the cracks actually caused her fall and therefore granted defendant's motion dismissing her complaint. We reverse.

It is true that ordinarily a plaintiff's failure to identify what it was that caused her to fall invites dismissal of the underlying cause of action because "the trier of fact would be required to base a finding of proximate cause upon nothing more than speculation" (*Hartman v Mountain Val. Brew Pub*, 301 AD2d 570, 570 [2003]). Here, however, plaintiff was asked during her deposition whether she knew what caused her to fall and she testified that "[w]hen I stepped down, my ankle, because the blacktop was uneven where it was cracking, my ankle twisted and I fell forward and to the left." This testimony as well as other statements made by plaintiff during her deposition, if believed, would provide a sufficient nexus between the condition of the roadway and the circumstances of her fall to establish causation (*see Jackson v Fenton*, 38 AD3d 495 [2007]; *Cuevas v City of New York*, 32 AD3d 372, 373 [2006]). Moreover, contrary to Supreme Court's rationale, plaintiff was not required, in response to a motion for summary judgment, to prove precisely which particular crack in the roadway caused her to fall. Given that numerous cracks existed in the roadway in the area where plaintiff fell, it is enough that she presented competent evidence which, if believed, would support a reasonable juror's conclusion that one of the cracks in this area of the pavement was the cause of her fall.

Furthermore, while not reached by Supreme Court, it should

be noted that issues of fact exist in regard to whether the alleged defects were open and obvious, or were so trivial as to be actionable and whether defendant had either actual or constructive notice of them. Accordingly, Supreme Court should have denied in toto defendant's motion for summary judgment. Concur—Mazzarelli, J.P., Saxe, Sullivan, McGuire and Kavanagh, JJ.