■ GERALDO GOMEZ et al., Plaintiffs, v SHARON BAPTIST BOARD OF DIRECTORS, INC., Defendant and Third-Party Plaintiff-Appellant. S.M. CONSTRUCTION CO., Third-Party Defendant-Respondent. [866 NYS2d 164]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered February 27, 2007, which, to the extent appealed from as limited by the brief, denied the cross motion of defendant/third-party plaintiff Sharon Baptist Board of Directors, Inc. (Sharon Baptist) for summary judgment on its claim for contractual indemnification against third-party defendant S.M. Construction Co. (SMC), unanimously affirmed, without costs.

Plaintiff Gomez, an employee of SMC, was injured as a result of falling from a scaffold that shifted as he performed SMC's work on premises owned by Sharon Baptist. The scaffold wheels were not locked, and plaintiff was not provided with safety devices. Plaintiff commenced an action against Sharon Baptist and was granted summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action.

Supreme Court correctly denied Sharon Baptist summary judgment against SMC based on its indemnification claim. The contract between these two parties specifically provides that SMC is obligated to indemnify Sharon Baptist for losses only to the extent that they were caused in whole or in part by the negligent acts or omissions of SMC, its agent, or anyone else for whom SMC was responsible. In its papers in support of its cross motion, Sharon Baptist relied exclusively on plaintiff's allegations of a Labor Law § 240 violation, that is, that the lack of safety devices caused his accident. However, a determination of liability against the owner under Labor Law § 240 was not the equivalent of a finding of negligence. Liability under section 240 is not predicated on fault but "imputed to the owner or contrac-

tor by statute and attaches irrespective of whether due care was exercised and without reference to principles of negligence" (*Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179 [1990]). Thus far there has been no finding that either SMC or its agents were negligent let alone that such negligence proximately caused plaintiff's injuries. Accordingly, summary judgment on the contractual indemnification claim is premature (*see DiPerna v American Broadcasting Cos.*, 200 AD2d 267, 270 [1994]; *Cichon v Brista Estates Assoc.*, 193 AD2d 926, 927-928 [1993]). Concur—Andrias, J.P., Nardelli, McGuire, Moskowitz and Renwick, JJ.