■ HIDEKI SATO et al., Respondents, v IPPUDO NY et al., Appellants. [960 NYS2d 408]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered May 15, 2012, which denied defendants' motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff Hideki Sato was injured when he fell down a flight of stairs that led to the restroom area in defendants' restaurant. Sato testified that his left heel hit the top step whereupon he lost consciousness and fell. Sato further testified that when he regained consciousness he found himself lying at the bottom of the staircase. On the basis of Sato's foregoing testimony, we find that none of the stairway's alleged structural or design defects could have been a proximate cause of the accident. Plaintiffs allege that the staircase was "inadequately lighted and/or not otherwise properly demarcated/warned about." In denying the motion, the court found an issue of fact as to whether the staircase was totally camouflaged, creating a defective condition.

This was error inasmuch as the deposition of the restaurant's general manager is unrefuted insofar as it establishes adequate warning as a matter of law. Specifically, the general manager testified that at the top of the staircase there was a yellow sign with an image of a finger pointing downward which read "bathroom this way" and "watch your step." The general manager also testified about a red non-slip mat on the landing, a spotlight at the top of the staircase as well as another light fixture above the middle of the staircase. Accordingly, defendants have established, prima facie, that the staircase was neither inherently dangerous nor constituted a hidden trap (*see e.g. Broodie v Gibco Enters., Ltd.*, 67 AD3d 418 [1st Dept 2009]). *Cherry v Daytop Vil., Inc.* (41 AD3d 130 [1st Dept 2007]), which plaintiffs cite, is distinguishable because it does not involve a claim of a hidden trap. Significantly, the affidavit of plaintiffs' safety expert, who claims to have read portions of depositions provided by their counsel, does not reference the signs or otherwise state why they were inadequate. Accordingly, Sato's mere assertion that he did not see the signs is insufficient to raise an issue of fact as to their adequacy. Moreover, the provisions of the Administrative Code of the City of New York plaintiffs rely upon are inapplicable because the subject stairs are not "interior stairs" as defined by the Code (*see* Administrative Code § 27-232). Concur—Andrias, J.P., Friedman and DeGrasse, JJ.

Román and Gische, JJ., dissent in a memorandum by Gische, J., as follows: I respectfully dissent and would affirm the motion court's order denying defendant's motion for summary judgment dismissing the complaint. Although I agree with the majority analysis that the Administrative Code of the City of New York does not apply, I believe there are factual issues regarding whether there was a dangerous condition and whether the warnings were adequate.

Plaintiff Hideki Sato was injured when he fell down defendants' stairs. There exists a triable issue of fact as to whether the condition of the corridor and the stairs was a cause of plaintiff's fall. Plaintiff testified that he never saw the stairs due to a lack of illumination and the fact that the stairs, wall and ceiling were all black, creating an optical illusion (see Cherry v Daytop Vil., Inc., 41 AD3d 130 [1st Dept 2007]). An adequate warning will not preclude liability where the premises are not otherwise reasonably safe (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 70 [1st Dept 2004]).

There are also factual disputes about the warning signs. Plaintiff denies even seeing the warnings, and otherwise raises legitimate issues regarding the adequacy (including size, color and lettering) of the signs defendant claims were there (see Walter v State of New York, 185 AD2d 536 [3d Dept 1992]). **[Prior Case History: 2012 NY Slip Op 31290(U).]**