Order, Supreme Court, New York County (Paul Wooten, J.), entered February 14, 2013, which denied defendants’ motions for summary judgment dismissing the complaint and all cross claims, unanimously affirmed, without costs.
Plaintiff alleges that she slipped and fell on a large patch of grease on the public sidewalk abutting the premises owned by Young T. Lee & Son Realty Corp. (Lee Realty) and subleased by Great NY Noodletown, Inc. (Noodletown), which operated a restaurant in the space.
Lee Realty, which has a nondelegable duty to maintain the sidewalk abutting its premises pursuant to Administrative Code of City of NY § 7-210, failed to meet its prima facie burden to eliminate the issue of constructive notice since it submitted no evidence establishing when the sidewalk was last cleaned or inspected prior to plaintiff’s fall (see Sabalza v Salgado, 85 AD3d 436, 437-438 [1st Dept 2011]).
Noodletown also failed to establish its entitlement to judgment as a matter of law. The record presents triable issues as to whether Noodletown created the greasy condition on the sidewalk by disposing of waste from its restaurant on the *638 sidewalk. There is evidence that Noodletown placed garbage bags on the sidewalk near the area where plaintiff fell (see Kesselman v Lever House Rest., 29 AD3d 302, 304-305 [1st Dept 2006]; Healy v ARP Cable, 299 AD2d 152, 154 [1st Dept 2002]).
Defendants’ argument that plaintiff did not sufficiently identify the cause of her fall is unavailing. While she admitted to some uncertainty because she did not see when her foot slipped on the grease patch, plaintiff stated that following her fall, she found herself lying on top of the grease patch, her clothing and shoes had grease on them, and her shoe had left a groove in the patch. Moreover, photographs taken at the scene appear to match plaintiff’s description of the sidewalk condition. Such evidence establishes a sufficient nexus between the hazardous condition and the circumstances of the fall, so as to establish causation (see Cherry v Daytop Vil., Inc., 41 AD3d 130 [1st Dept 2007]).
We have considered defendants’ remaining arguments and find them unavailing. Concur — Mazzarelli, J.P., Renwick, DeGrasse, Feinman and Gische, JJ. [Prior Case History: 2013 NY Slip Op 30327CU).]