■ Yoon Peng Choo, Appellant, v The Fiedler Companies, Inc., Doing Business as Fiedler Waterproof and Masonry and/or Fiedler Roofing, et al., Respondents. [999 NYS2d 383]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered June 5, 2013, which granted defendants' motions for summary judgment dismissing the complaint and all cross claims, unanimously reversed, on the law, without costs, and the motions denied.

Plaintiff alleges that she tripped and fell while entering the building owned by defendant Adams and Company Real Estate, Inc., a few steps before the main entrance. Adams hired defendant The Fiedler Companies, Inc. to perform some waterproofing work around the building, including at the sidewalk joint directly in front of the main entrance, and Fiedler subcontracted the job to defendant Cercone Exterior Restoration Corp. Cercone performed the work on the main entrance joint the day before the accident, placed masonite material over the joint, and taped it down to protect the sealant from pedestrian traffic.

Plaintiff sufficiently identified the cause of her fall and raised triable issues of fact as to whether defendants created the alleged hazardous condition that caused her to fall. Although plaintiff admitted that she did not see the masonite before the accident, when asked why she fell, she testified that the front of her foot kicked or struck something that was not level with the ground, and that she then observed the masonite while she was on the ground. Plaintiff also testified that she entered the building every day for work, that she had never seen the masonite

before, and that the ground was always level before the masonite's application. Plaintiff's testimony is sufficient to establish causation (*see Yuk Ping Cheng Chan v Young T. Lee & Son Realty Corp.*, 110 AD3d 637, 638 [1st Dept 2013]; *Cherry v Daytop Vil., Inc.*, 41 AD3d 130, 131 [1st Dept 2007]). That plaintiff testified that she also saw a raised portion of masonite when she was on the ground, and that it might have been raised because she kicked it, is of no moment since she clearly testified that the cause of her fall was her foot striking something that was not level with the ground (*see e.g. Cuevas v City of New York*, 32 AD3d 372, 373 [1st Dept 2006] ["As it was not (plaintiff's) obligation to prove his claim to defeat the motion for summary judgment, he was entitled to a reasonable inference"]; *cf. Drago v DeLuccio*, 79 AD3d 966 [2d Dept 2010]). The parties' disputes over whether plaintiff tripped on the masonite, as she testified, or on a mat that was allegedly placed on top of the masonite, and whether the poor quality photographs used at the witnesses' depositions contributed to their inability to distinguish the mat from the masonite, raise factual issues not amenable to resolution on a motion for summary judgment (*see Narvaez v 2914 Third Ave. Bronx, LLC*, 88 AD3d 500, 501 [1st Dept 2011]). Factual issues also exist as to whether Fiedler sufficiently exercised control over Cercone so as to be vicariously liable for Cercone's potential negligence (*see Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 257-258 [2008]). Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.