Alonso v Reed Elsevier, PLC (2020 NY Slip Op 05443)





Alonso v Reed Elsevier, PLC


2020 NY Slip Op 05443


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Friedman, J.P., Webber, Kern, Moulton, JJ. 


Index No. 152383/13 590443/13 590628/13 Appeal No. 11951-11952 Case No. 2019-5632 

[*1]William Alonso, Plaintiff-Respondent,
v
Reed Elsevier, PLC, et al. Defendants-Respondents-Appellants, The Freeman Companies also Known as Freeman, Freeman Exhibit Company, et al., Defendants-Appellants-Respondents.
Freeman Decorating Services, Inc., et al., Third-Party Plaintiffs-Appellants- Respondents,
v
National Micro Rental (Inc.), et al., Third-Party Defendants-Respondents. [And Another Action.]


Forchelli Deegan Terrana LLP, Uniondale (Russell G. Tisman of counsel), for appellants-respondents.
Cozen O'Connor, New York (Vince P. Pozzuto of counsel), for respondents-appellants.
Michael H. Zhu, P.C., New York (Michael H. Zhu of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered July 12, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Freeman Expositions, Inc. f/k/a and sued herein as Freeman Decorating Services, Inc. (Freeman) and the remaining Freeman defendants' motion for summary judgment dismissing the complaint against all the named defendants, denied so much of defendants Reed Exhibitions (Reed), the other Reed defendants and The Vision Council a/k/a/ Vision Council of America's motion as sought to amend their answer to include a Workers' Compensation defense and for summary judgment dismissing the complaint as against them on that defense, and granted so much of their motion as sought summary judgment on their claim for contractual indemnification against Freeman, unanimously modified, on the law, to grant summary judgment dismissing the complaint as against all defendants except Freeman and Reed, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint against defendants The Freeman Companies a/k/a Freeman, Freeman Exhibit Company, Freeman Decorating Co., Freeman Audio Visual Solutions, Inc., Reed Elsevier PLC, Reed Elsevier Group, PLC, Reed Elsevier, Inc., Reed Midem, and The Vision Council a/k/a Vision Council of America.
Plaintiff was injured when a display fell on him at a vision trade show at the Javits Center, where he was working as a greeter. The display had been designed and manufactured by Freeman according to Reed's specifications and installed by carpenters working for the Javits Center. The display fell as Javits Center electricians were mounting a large television monitor on it.
The doctrine of res ipsa loquitur is not applicable to the negligence claims in these circumstances (see Smith v Consolidated Edison Co. of N.Y., Inc., 104 AD3d 428, 429 [1st Dept 2013]). Neither Freeman, which delivered the display and departed, nor the electricians or carpenters, who had no role in its design, had exclusive control over the display. Similarly, while Reed made specific requests of Freeman, and its employees were present during the installation and the mounting of the monitor, it did not manufacture or install the tower. Nevertheless, neither Freeman nor Reed is entitled to summary dismissal of the complaint as against it. Issues of fact exist whether Freeman launched a force of harm in the design and fabrication of the tower, which was missing the stabilizing feet depicted in Reed's work order (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; Grant v Caprice Mgt. Corp., 43 AD3d 708 [1st Dept 2007). Issues of fact exist as to the extent over which Reed controlled the creation and installation of the tower (see Yoon Peng Choo v Fiedler Cos., Inc., 123 AD3d 529 [1st Dept 2014]) and whether the accident arose out of its use and occupancy of the premises pursuant to its license with the Javits Center.
The motion court properly denied Reed's motion to amend its answer to add a Workers' Compensation defense based on its contention that plaintiff was its special employee (see Workers' Compensation Law §29 [6]; Thompson v Grumman Aerospace Corp., 78 NY2d 553 [1991]). We note that Reed failed to offer an explanation for its failure to move to amend until after discovery was complete (see Cameron v 1199 Hous. Corp., 208 AD2d 454 [1st Dept 1994]). In any event, however, the proposed amendment is devoid of merit, as the court found (see Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011]). There is no evidence that shows that plaintiff was Reed's special employee. Reed's claim that it would have assumed supervisory control over plaintiff had the accident not occurred is speculative and unsupported by the record.
The court correctly granted summary judgment to Reed on its unpleaded claim of contractual indemnification against Freeman, since Freeman was well aware of the terms of the contract, as evidenced by the fact that it had engaged in failed negotiations to take over the defense of the Reed defendants (see Weinstock v Handler, 254 AD2d 165, 166 [1st Dept 1998]; Torrioni v Unisul, Inc., 214 AD2d 314, 315 [1st Dept 1995]).
Since only Freeman and Reed had any connection to the subject accident, the complaint should be dismissed as against the other defendants.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020