Mister v Mister (2020 NY Slip Op 06328)





Mister v Mister


2020 NY Slip Op 06328


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

529977

[*1]Rose M. Mister, Respondent,
v
Susan Mister, Appellant.

Calendar Date: September 11, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Smith Sovik Kendrik & Sugnet, PC, Syracuse (Thomas J. DeBernardis of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton (Caroline L. Myrdek of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Lambert, J.), entered August 14, 2019 in Chenango County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff, who is defendant's mother, commenced this negligence action seeking damages for various injuries that she sustained in October 2015 when she slipped and fell while descending wooden steps attached to a front porch located outside the front door of defendant's home. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint, which plaintiff opposed. Supreme Court denied the motion, finding that triable issues of fact existed as to defendant's negligence. The court found that, although defendant asserts that the causes of plaintiff's fall were pine needles and/or moisture on the wooden steps, there is a factual question as to whether the steps were properly maintained and presented a dangerous condition. The court also found that questions of fact existed regarding whether defendant had actual and constructive notice of the alleged dangerous condition and whether the condition of the handrail caused or contributed to plaintiff's fall. Defendant appeals.
"To prevail on [a] motion for summary judgment, [the] defendant [is] required to establish that its property had been maintained in a reasonably safe condition, and that it did not create a dangerous condition that caused [the] plaintiff's fall or have actual or constructive notice of that condition" (Maurer v John A. Coleman Catholic High School, 91 AD3d 1168, 1168 [2012] [internal quotation marks and citations omitted]; see Stewart v ALCOA, Inc., 184 AD3d 1057, 1058 [2020]). "The fact that a dangerous condition is open and obvious does not relieve [a defendant] of all duty to maintain [his or her] premises in a reasonably safe condition" (Greblewski v Strong Health MCO, LLC, 161 AD3d 1336, 1337 [2018] [internal quotation marks, brackets and citations omitted]; see MacDonald v City of Schenectady, 308 AD2d 125, 128-129 [2003]). Additionally, "[c]onstructive notice, in contrast to actual notice, requires that the defect be visible and apparent and has existed for a sufficient period of time prior to the accident to permit a defendant to discover it and take corrective action" (Torgersen v A & F Black Cr. Realty, LLC, 158 AD3d 1042, 1042 [2018] [internal quotation marks, brackets and citations omitted]; see Faville v County of Albany, 163 AD3d 1297, 1298 [2018]). "A party who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific [recurrence] of that condition" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 641 [2020] [internal quotation marks, ellipsis and citation omitted]). "[A] defendant can also demonstrate entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mulligan v R & D Props. of N.Y. Inc., 162 AD3d 1301, 1301 [2018]; see Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d 1224, 1227 [2016]).
In support of her motion for summary judgment, defendant offered, among other things, her own testimony, the deposition testimony of plaintiff and several family members, color photographs of the front porch and wooden steps and an affidavit and accompanying report of Daniel Leary, an architect. Plaintiff explained that, on the morning of the accident, there were a lot of pine needles covering the porch and that it was "dewy" and "misty." Plaintiff acknowledged that she had no difficulty ascending the wooden porch steps but then, when she descended the steps, she slipped on the middle step and fell. After her fall, plaintiff observed pine needles covering the steps where she had fallen. Plaintiff also testified that she grabbed the spindles attached to the railing when she fell to stop herself. Defendant testified that, in addition to plaintiff, several other people have fallen on the same wooden steps, both before and after plaintiff's fall. Defendant is not aware of what caused the fall in each of those incidents, although she did testify that it was raining during one of the falls. Defendant stated that, prior to plaintiff's fall, defendant also slipped on the wooden steps several times. Defendant testified that pine needles made the steps slippery and that, even without the pine needles, the steps are slippery when they are wet and that the steps sometimes appear to be "grimy." Defendant testified that she never treated the wooden porch or steps with water-resistant materials or stain, but she stated that she would regularly sweep the steps to remove the pine needles. Defendant also admitted that both her father and plaintiff complained about the condition of the steps.
Testimony from other witnesses, primarily family members, established that the steps were typically covered in pine needles and often covered in a green substance, which multiple witnesses testified was "slimy." Testimony also established that the handrail was "very rough" and that at least one witness did not use it when she fell for fear that doing so would lead to her being more severely injured. Leary inspected the subject porch and steps and opined that the "existing conditions and construction of this deck and stair are generally fair to good, and no significant deficiencies are noted."
Based on the foregoing, defendant failed to meet her initial burden of proof demonstrating that the subject step was not a dangerous condition and that she did not have actual or constructive notice of the alleged dangerous condition. Although plaintiff attributed her fall to pine needles, the foregoing testimony suggests that her fall was likely caused by another defect in the step — whether that be structural or due to the green slimy substance on the step that was not always readily observable (see Greblewski v Strong Health MCO, LLC, 161 AD3d at 1337; Johnson v Village of Saranac Lake, 279 AD2d 784, 785 [2001]). Further, although there was testimony that some of the falls, including plaintiff's fall, occurred while the steps were wet — and such a condition would not ordinarily "establish a dangerous condition" (Todt v Schroon Riv. Campsite, 281 AD2d 782, 783 [2001]) — the testimony establishes that other people also slipped and fell on the step when it was not wet. Moreover, the proof submitted by defendant, including her own testimony, demonstrates a question of fact as to whether she had actual notice of the often visible and apparent slimy condition of the step — over and above the pine needles that routinely fell on the step — for a sufficient period of time and that she failed to take corrective action (see York v Thompson Sta. Inc., 172 AD3d 1593, 1596 [2019]; compare Faville v County of Albany, 163 AD3d at 1298-1299). Also, given witness testimony about concerns regarding the handrail, and viewing the evidence in the light most favorable to plaintiff, Supreme Court properly found that the finder of fact could determine that the condition of the stairway handrail could have contributed to the dangerous condition of the steps and plaintiff's slip and fall (see Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d at 1227; Ash v City of New York, 109 AD3d 854, 855 [2013]). Accordingly, Supreme Court's denial of defendant's motion for summary judgment dismissing the complaint was proper (see Acton v 1906 Rest. Corp., 147 AD3d 1277, 1279 [2017]; Murphy v Hometown Real Estate, 132 AD3d 1126, 1127-1128 [2015]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, with costs.