Lanza v B.H.N.V. Realty Corp. (2022 NY Slip Op 00126)





Lanza v B.H.N.V. Realty Corp.


2022 NY Slip Op 00126


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Index No. 156354/14E Appeal No. 15016-15017-15017A Case No. 2020-04776, 2020-04778, 2021-01633 

[*1]Ana Lanza, Plaintiff-Respondent,
v
B.H.N.. Realty Corp. et al., Defendants-Respondents-Appellants.
B.H.N.V. Realty Corp. et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Rentokil North America, Inc., Third-Party Defendant-Appellant-Respondent.


Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for appellant-respondent.
Sobel Pevzner, L.L.C., Huntington (David Goldman of counsel), for Rite Aid Hdqtrs Corp., and Rite Aid of New York, Inc., respondents-appellants.
Jaghab, Jaghab & Jaghab, P.C., Mineola (Erik J. Gerstenfeld of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about November 4, 2020, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing the complaint as against Rite Aid Hdqtrs Corp. and Rite Aid of New York, Inc. (Rite Aid), unanimously reversed, on the law, without costs, and the motion granted. Order, same court and Justice, entered on or about November 4, 2020, which denied third-party defendant's (Rentokil) motion for summary judgment dismissing the complaint and the third-party complaint, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court and Justice, entered on or about November 4, 2020, which denied defendants' motion for summary judgment on their third-party contractual indemnification claim against Rentokil, unanimously dismissed, without costs, as abandoned. The Clerk is directed to enter judgment accordingly.
Plaintiff alleges that she was injured after she tripped and fell on a glue trap that Rentokil had placed in a Rite Aid store. The record indicates that, prior to plaintiff's accident, Rentokil had placed glue traps in various locations throughout the store, including inside the drawers of the cabinets containing greeting cards in the greeting card aisle. The glue trap on which plaintiff tripped and fell was allegedly under one of those cabinets.
Initially, we note that defendants' reliance on Espinal v Melville Snow Contrs. (98 NY2d 136 [2002]) as a basis for holding Rentokil liable for plaintiff's accident is misplaced, since plaintiff has not asserted any direct claims against Rentokil. Rather, Rite Aid may be held vicariously liable for the negligence of Rentokil, its independent contractor, since Rite Aid had a nondelegable duty to maintain its store in a reasonably safe condition (see Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992]; see also e.g. Basso v Miller, 40 NY2d 233, 241 [1976]; Farrugia v 1440 Broadway Assoc., 163 AD3d 452, 454 [1st Dept 2018], appeal withdrawn 32 NY3d 1168 [2019]). Rite Aid may also be held directly liable to plaintiff if it had actual or constructive notice of the glue trap under the greeting card cabinet (see generally e.g. Haseley v Abels, 84 AD3d 480, 482 [1st Dept 2011]).
The record demonstrates that Rite Aid may not be held liable for plaintiff's injuries either directly or indirectly. With respect to notice, Rite Aid's store manager testified that neither he nor any Rite Aid employees ever handled glue traps, that he did not see any glue traps on the floor on the day of plaintiff's accident, and that no one had ever complained about glue traps in the store before plaintiff's accident.
Rite Aid and Rentokil's submissions also establish that Rentokil was not negligent in the placement of the subject glue trap, thereby obviating any basis for holding Rite Aid vicariously liable. Rentokil's technician testified that he did not place glue traps on the floor under [*2]the greeting card cabinets because it was physically impossible to do so. The glue traps that he placed in the drawers of those cabinets were clipped together into three dimensional squares, and not flat, as the subject glue trap was found to be after plaintiff's accident. The technician also did not notice any problems with the glue traps in the greeting card section of the store when he last inspected the store three days before plaintiff's accident, and no one complained about glue traps in the store before plaintiff's accident.
In view of Rentokil's showing that it was not negligent, its motion for summary judgment dismissing the third-party complaint should have been granted (see Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 423 [1st Dept 2021]).
We deem defendants to have abandoned their appeal from the order that denied their motion for summary judgment on their third-party indemnification claim against
Rentokil, since they make no arguments in their briefs about that order (see e.g. Borden LP v TPG Sixth St. Partners, 191 AD3d 554, 555-556 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022