Carpenter v Nigro Cos., Inc. (2022 NY Slip Op 01857)





Carpenter v Nigro Cos., Inc.


2022 NY Slip Op 01857


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

532369
[*1]Kathleen Carpenter et al., Appellants-Respondents,
v
Nigro Companies, Inc., et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants; Schonfeld, LLC, Third-Party Defendant-Respondent-Appellant.

Calendar Date:January 14, 2022

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Anderson, Moschetti & Taffany, PLLC, Latham (David J. Taffany of counsel), for appellants-respondents.
Barclay Damon LLP, Albany (Michael J. Murphy of counsel), for defendants and third-party plaintiffs-respondents-appellants.
Smith, Cominelli & Guetti LLC, Albany (Christopher A. Guetti of counsel), for third-party defendant-respondent-appellant.



Garry, P.J.
Cross appeals from an order of the Supreme Court (Weinstein, J.), entered October 30, 2020 in Albany County, which (1) granted defendants' motion for summary judgment dismissing the amended complaint, (2) denied defendants' cross motion for summary judgment on their third-party complaint, and (3) partially denied third-party defendant's motion for summary judgment dismissing the third-party complaint.
In January 2018, plaintiff Kathleen Carpenter was injured when she slipped and fell on ice in the parking lot of defendants' commercial property. Defendants had contracted with third-party defendant, Schonfeld, LLC, to perform snow and ice removal on the premises, an agreement in which Schonfeld also promised to defend and indemnify defendants for its negligent acts and omissions. Carpenter and her spouse, derivatively, commenced this negligence action against defendants, who then commenced a third-party action against Schonfeld seeking, among other things, contractual and common-law indemnification. Schonfeld moved for summary judgment dismissing the third-party complaint. Defendants also moved for summary judgment dismissing plaintiffs' amended complaint. In addition, defendants cross-moved for summary judgment on their third-party complaint. Supreme Court granted defendants' motion dismissing plaintiffs' amended complaint, and thus held defendants' claim for common-law indemnification to be moot; however, the court found that there were factual issues as to the time when the storm ceased and the time of Carpenter's fall, and thus denied the requests for summary judgment as between defendants and Schonfeld arising upon the ground of contractual indemnification. All parties appeal.
Plaintiffs contend that defendants failed to meet their burden of establishing that they did not have constructive notice of the allegedly dangerous condition. "To prevail on a motion for summary judgment, the defendant[s are] required to establish . . . that [they] did not create a dangerous condition that caused the plaintiff's fall or have actual or constructive notice of that condition" (Mister v Mister, 188 AD3d 1334, 1334 [2020] [internal quotation marks, brackets and citations omitted]; see Decker v Schildt, 100 AD3d 1339, 1340 [2012]). Constructive notice requires "a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit the defendant[s] to discover it and take corrective action" (Rose v Kozak, 175 AD3d 1656, 1658 [2019] [internal quotation marks, brackets and citations omitted]; see Tate v Golub Props., Inc., 103 AD3d 1080, 1081 [2013]).
Supreme Court found that plaintiffs' testimony, submitted by defendants, showed that the allegedly dangerous condition "was neither visible nor had it existed for a significant period of time," and "plaintiffs have not submitted any evidence to prove . . . constructive notice." Although Carpenter testified that the parking lot appeared wet, not [*2]icy, when viewed from her husband's truck, she also stated that she saw the ice once she had fallen; further, the affidavit of a witness states that "[t]he ice in the parking lot that morning was clearly visible." Thus, the record contains conflicting accounts as to the visibility of the ice. "When considering a summary judgment motion, courts must view the evidence in a light most favorable to the nonmoving party and accord that party the benefit of every reasonable inference from the record proof, without making any credibility determinations" (Black v Kohl's Dept. Stores, Inc., 80 AD3d 958, 959 [2011] [citations omitted]). Applying this standard, we find a triable issue of fact as to constructive notice.
As to the requirement that the condition exist for a sufficient period to allow an owner to respond, Supreme Court found that issues of fact existed, as accounts differed regarding the timing of both the fall and the storm's cessation. In this respect, there were competing expert claims. In opposition to the motion, plaintiffs submitted the report of a meteorological expert stating that the precipitation ended at 5:30 a.m. and, as plaintiffs allege that the fall occurred at 8:00 a.m., there was a period of over two hours for defendants to respond (see Imperati v Kohl's Dept. Stores, Inc., 91 AD3d 1111, 1113 [2012]; Thompson v Menands Holding, LLC, 32 AD3d 622, 624 [2006]). Defendants argue that a ground temperature fluctuation caused the icy condition, and that a reasonable time did not pass after that fluctuation (see Ronconi v Denzel Assoc., 20 AD3d 559, 559-560 [2005]; Reynolds v Masonville Rod & Gun Club, 247 AD2d 682, 682 [1998]). However, according to logs maintained by Schonfeld, the ground temperature dropped below freezing at 5:00 a.m., potentially leaving an adequate period to respond. We thus agree with Supreme Court's finding that there were issues of fact as to notice and the applicability of the "storm in progress" doctrine.
Supreme Court erred, however, in failing to recognize that this factual issue inured to plaintiffs' benefit, thus defeating defendants' motion for summary judgment against plaintiffs. Defendants assert that plaintiffs' claims against them were properly dismissed because defendants' agreement with Schonfeld was comprehensive and exclusive and thus displaced their duty to maintain the premises in a safe condition, citing Espinal v Melville Snow Contrs. (98 NY2d 136 [2002]). However, defendants' reliance on Espinal "is misplaced, since plaintiff has not asserted any direct claims against [Schonfeld]" (Lanza v B.H.N.V. Realty Corp., 201 AD3d 468, 469 [2022]). The argument is also inapposite as, "[r]egardless of whether the . . . agreement between defendants and [Schonfeld] was comprehensive, a landowner has a nondelegable duty to provide the public with a reasonably safe premises" (Scott v Redl, 43 AD3d 1031, 1032 [2007]; see McEleney v Riverview Assets, LLC, 201 AD3d 1159, 1160 [2022]).
As the dismissal [*3]of plaintiffs' claims was not warranted, defendants' claim for common-law indemnification should not have been dismissed as moot. However, summary judgment in either defendants' or Schonfeld's favor is premature, as the question of whether Schonfeld was negligent remains unresolved (see Francescon v Gucci Am., Inc., 71 AD3d 528, 529 [2010]; Piccirillo v Beltrone-Turner, 284 AD2d 854, 856-857 [2001]; Kozerski v Deer Run Homeowners Assn., 217 AD2d 841, 843 [1995]). For the same reason, Supreme Court properly held that summary judgment on defendants' claim of contractual indemnity was premature, as Schonfeld only agreed to indemnify defendants for its own negligent acts or omissions (see Hannigan v Staples, Inc., 137 AD3d 1546, 1549-1550 [2016]; Bryde v CVS Pharmacy, 61 AD3d 907, 908 [2009]; Gomez v Sharon Baptist Bd. of Directors, Inc., 55 AD3d 446, 447 [2008]).
The parties' remaining arguments have been considered and are without merit.
Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment dismissing the amended complaint and granted that part of third-party defendant's motion for summary judgment dismissing the third-party complaint's claim of common-law indemnification; defendants' motion denied and third-party defendant's motion denied in its entirety; and, as so modified, affirmed.