Bovee v Posniewski Enters., Inc. (2022 NY Slip Op 03561)

Bovee v Posniewski Enters., Inc.

2022 NY Slip Op 03561

Decided on June 2, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 2, 2022

533574
[*1]Ralph Bovee, Appellant,
v
Posniewski Enterprises, Inc., et al., Doing Business as Lox of Bagels & Moor, Respondents.

Calendar Date:April 19, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and McShan, JJ.

FitzGerald Morris Baker Firth, PC, Glens Falls (John D. Aspland of counsel), for appellant.
Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Robert A. Rausch of counsel), for respondents.

McShan, J.
Appeal from an order of the Supreme Court (Crowell, J.), entered June 23, 2021 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff commenced this negligence action seeking damages for injuries that he sustained when he tripped and fell in the parking lot of a store owned by defendants. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint on the basis that plaintiff was unable to identify the cause of his fall, there was no actual or constructive notice of the alleged dangerous condition and the defect was too trivial to be actionable. Finding that plaintiff's testimony regarding the cause of his fall was speculative, Supreme Court granted the motion. Plaintiff appeals, and we reverse.
Ordinarily, a defendant moving for summary judgment in a trip and fall case must establish that its property had been maintained in a reasonably safe condition and that it neither created nor had actual or constructive notice of the dangerous condition that caused the plaintiff's fall (see Farrell v Ted's Fish Fry, Inc., 196 AD3d 893, 893 [2021]; Mister v Mister, 188 AD3d 1334, 1334 [2020]). "[A] defendant can also demonstrate entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Mulligan v R & D Props. of N.Y. Inc., 162 AD3d 1301, 1301 [2018] [internal quotation marks and citations omitted]; accord Farrell v Ted's Fish Fry, 196 AD3d at 894; see Smith v Maloney, 91 AD3d 1259, 1259 [2012]). "However, even when a plaintiff is unable to identify the cause of a fall with certainty, a case of negligence based wholly on circumstantial evidence may be established if the plaintiff shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d 1224, 1227 [2016] [internal quotation marks, brackets and citations omitted]; see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550 [1998]; Rivera v Waterview Towers, Inc., 181 AD3d 844, 846 [2020]).
Plaintiff testified that, on the day of the incident, the weather was clear and there was no snow or debris on the surface of the parking lot. He had parked his car in the parking lot and was approaching the front door of the store when his foot suddenly "hit something along the pavement and . . . stopped," causing him to fall to the ground. An individual who was walking behind plaintiff came to his aid, helping plaintiff up off the ground and assisting him back to his vehicle. At the time of his fall, plaintiff did not look at the ground to determine the cause. However, he recalled that, after being helped back to his vehicle, he looked back and noticed a cracked area of the pavement where he had fallen. Plaintiff was shown photographs of the parking lot and identified the [*2]location of his fall by circling in one of the photographs an uneven area of the pavement with two cracks in close proximity to one another. Upon further questioning, plaintiff was unable to identify which of the two cracks caused the fall, but repeatedly testified that he knew it was one of those two cracks based upon where he landed when he fell.
Viewing the evidence in the light most favorable to plaintiff, as we must, and affording him the benefit of every available inference (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015]; McEleney v Riverview Assets, LLC, 201 AD3d 1159, 1160 [2022]), we conclude that defendants failed to establish as a matter of law that the cause of plaintiff's fall was speculative. Although plaintiff's statements were not without some inconsistencies, he was steadfast in his testimony that he tripped on one of the two identified cracks in the pavement of the parking lot. Despite Supreme Court's suggestion to the contrary, plaintiff was not required to state for certain which particular crack caused him to fall in order to withstand summary judgment (see Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d at 1227; Kovach v PJA, LLC, 128 AD3d 445, 445 [2015]; DiGiantomasso v City of New York, 55 AD3d 502, 502 [2008]; Cherry v Daytop Vil., Inc., 41 AD3d 130, 131 [2007]). From plaintiff's testimony, a jury could rationally infer that one of the two cracks in this area of the pavement was the cause of his fall without being forced to resort to mere speculation and surmise (see Martinez v City of New York, 190 AD3d 561, 561 [2021]; Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d at 1227; Dixon v Superior Discounts & Custom Muffler, 118 AD3d 1487, 1488 [2014]; Seelinger v Town of Middletown, 79 AD3d 1227, 1229-1230 [2010]; Timmins v Benjamin, 77 AD3d 1254, 1256 [2010]; Cherry v Daytop Vil., Inc., 41 AD3d at 131). Accordingly, Supreme Court erred in granting summary judgment on this issue.
Defendants likewise failed to meet their burden of demonstrating as a matter of law that they did not have actual or constructive notice of the alleged dangerous condition. Their submissions included the affidavit and examination before trial testimony of Mark Posniewski, the store's co-owner. Posniewski testified that he has maintained the store's parking lot since 2002 and that there were no prior accidents or complaints regarding its condition. He also explained, however, that the Town of Queensbury had "dug up" the parking lot approximately 10 years earlier in order to install underground power lines. Posniewski testified that the "cuts" in pavement depicted in the various photographs, including those identified by plaintiff as the potential cause of his fall, were from the work performed by the Town. He also expressed an unawareness as to whether anyone from the Town ever came to inspect the work and testified that the parking lot has not since been repaved or resurfaced[*3]. When asked if he had a plan to even out the surface of the parking lot, Posniewski responded that it costs "a lot of money" to pave and that, in his view, there was nothing wrong with the parking lot that would require him to take steps to fix it. Considering Posniewski's testimony and the photographs submitted on the motion, we find that defendants failed to eliminate triable issues of fact as to whether the defect that allegedly caused plaintiff's fall was visible and apparent and existed for a sufficient length of time prior to the accident to permit defendants to have discovered and remedied it (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 83 [2015]; Mister v Mister, 188 AD3d at 1336; Barber v Sorce, 173 AD3d 1670, 1671 [2019]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]).
Defendants assert, as an additional alternative ground for affirmance, that dismissal of the complaint is warranted because the alleged defect is nonactionable as a matter of law. "While property owners are not held liable for trivial defects, 'a small difference in height or other physically insignificant defect is actionable if its intrinsic characteristics or the surrounding circumstances magnify the dangers it poses, so that it unreasonably imperils the safety of a pedestrian'" (Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d at 1225, quoting Hutchinson v Sheridan Hill House Corp., 26 NY3d at 78; see Gami v Cornell Univ., 162 AD3d 1441, 1442 [2018], lv denied 32 NY3d 916 [2019]). The determination as to whether a defect is so trivial as to be nonactionable requires consideration of all of the facts presented, "including the width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury" (Trincere v County of Suffolk, 90 NY2d 976, 978 [1997] [internal quotation marks and citation omitted]; see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77-78; Claro v 323 Firehouse, LLC, 177 AD3d 1052, 1053 [2019]). Whether a condition is dangerous or merely constitutes a nonactionable trivial defect is generally a factual question to be resolved by a jury (see Hutchinson v Sheridan Hill House Corp., 26 NY3d at 77; Trincere v County of Suffolk, 90 NY2d at 977-978; Gillis v Herzog Supply Co., Inc., 121 AD3d 1334, 1335 [2014]).
Even assuming that defendants met their burden of establishing on a prima facie basis that the alleged defect was too trivial to be actionable, plaintiff raised an issue of fact sufficient to withstand summary judgment. Plaintiff proffered the expert affidavit of a professional engineer who inspected the area of the parking lot where plaintiff fell and reviewed, among other things, the deposition testimony of plaintiff and Posniewski and the photographs of the accident site exchanged during discovery. The expert averred that the area where plaintiff fell is in poor condition due to the presence of multiple cracks and a heave [*4]that raises the height of the pavement approximately one inch above grade. Based upon plaintiff's description of the accident, the expert opined that the "cracked and heaved" section of the pavement trapped plaintiff's foot and caused his travel to come to a sudden and abrupt stop, resulting in his fall. He stated that the abrupt change in elevation that resulted from the pavement heave was not readily discernable and made the area more dangerous, particularly given that pedestrians typically scan in the direction of their travel. The expert further averred that the cracked and heaved section of the parking lot where plaintiff fell violated applicable standards and codes, and opined with a reasonable degree of professional certainty that the defects in the pavement created a dangerous condition that caused plaintiff's fall. Given all the circumstances, including the physical characteristics of the alleged defect and its location in "a parking lot, . . . where pedestrians are naturally distracted from looking down at their feet" (Hutchinson v Sheridan Hill House Corp., 26 NY3d at 78; see Jacobsen v Krumholz, 41 AD3d 128, 129 [2007]; Glickman v City of New York, 297 AD2d 220, 221 [2002]), the determination as to whether the defect was so trivial and slight in nature as to be nonactionable should be left for a jury (see Brumm v St. Paul's Evangelical Lutheran Church, 143 AD3d at 1225-1226; Tese-Milner v 30 E. 85th St. Co., 60 AD3d 458, 458 [2009]; Hahn v Wilhelm, 54 AD3d 896, 898-899 [2008]; Mishaan v Tobias, 32 AD3d 1000, 1001-1002 [2006]; Billera v Paolangeli, 20 AD3d 743, 745 [2005]). In light of these unresolved issues, defendants were not entitled to summary judgment dismissing the complaint and their motion should have been denied.
Lynch, J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.