■ RACHEL GAGLIARDI, Respondent, v AMERICAN SUZUKI MOTOR CORPORATION et al., Appellants. [757 NYS2d 581] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Westchester County (Colabella, J.), dated February 7, 2002, which, upon a jury verdict, and upon the denial of their motion pursuant to CPLR 4404 to set aside the verdict and for judgment as a matter of law, is in favor of the plaintiff and against them in the principal sum of $550,000.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendants' contention, the jury verdict was based on a valid line of reasoning which could lead rational people to a similar conclusion that the defendants' product was defective and that the defect was a substantial factor in causing the plaintiff's accident (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Nicoli v Whelan, 283 AD2d 623 [2001]).

Further, the trial court properly admitted the testimony of the plaintiff's expert, as it was based upon facts and material in evidence, as well as his experience in the subject area (see Dougherty v Milliken, 163 NY 527, 533 [1900]; Commercial Cas. Ins. Co. v Roman, 269 NY 451, 456-457 [1936]).

Given the activities of the plaintiff in the one-minute interval between the accident and her statement, which included crying hysterically, bleeding profusely, and picking glass out of her face, the trial court providently exercised its discretion in admitting her hearsay statement into evidence under the excited utterance exception (see People v Fratello, 92 NY2d 565, 570 [1998], cert denied 526 US 1068 [1999]; cf. People v Carroll, 95 NY2d 375, 385 [2000]; People v Vasquez, 88 NY2d 561, 579 [1996]).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Altman, J.P., Smith, McGinity and Crane, JJ., concur.