■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. CATHERINE OKEN, as Executrix of EDWIN DIEDRICH, Deceased, Respondent, v A.C. & S. et al., Defendants, and ROBERT A. KEASBEY COMPANY, Appellant. [776 NYS2d 253]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered November 6, 2003, which denied defendant Keasbey Company's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff's decedent, who died in 2003, contracted mesothelioma allegedly from exposure to asbestos-laden dust from as early as the 1960s, while employed as an ironworker. He asserted claims for negligence and strict products liability against Keasbey, a commercial and industrial insulation subcontractor that has acknowledged having sold or distributed insulation materials that contained asbestos. The summary judgment motion was grounded on the absence of any evidence in the record that it ever sold or distributed any asbestos-containing products specifically used at a work site where decedent was employed.

Keasbey challenges the motion court's consideration of proof that would be inadmissible at trial, including deposition testimony offered in other unrelated cases and unauthenticated hearsay invoices and records. However, evidence otherwise excludable at trial may be considered in opposition to a motion for summary judgment as long as it does not become the sole basis for the court's determination (*Navedo v 250 Willis Ave. Supermarket*, 290 AD2d 246, 247 [2002]). This Court has noted, in prior asbestos litigation, that "[w]hile defendant's own failure, in the first instance, to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury would have required denial of its motion for summary judgment [citation omitted], here plaintiff's papers identified specific brands of the subject asbestos products, including those of defendant, in use at the relevant work site during the rele-

vant time, showed that various asbestos products were interchangeable in the work site at the time, and showed that he was heavily exposed to asbestos dust at that site during that time. The plaintiff is not required to show the precise causes of his damages, but only to show facts and conditions from which defendant's liability may be reasonably inferred" (*Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 [1995]).

Plaintiff has presented sufficient evidence, not all of which is hearsay, to warrant a trial. We have considered defendant's other arguments and find them unavailing. Concur—Tom, J.P., Saxe, Lerner, Marlow and Gonzalez, JJ.