■ RITA DIGIANTOMASSO, Respondent, v CITY OF NEW YORK et al., Defendants, and JUDLAU CONTRACTING, INC., et al., Appellants. RITA DIGIANTOMASSO, Respondent, v CITY OF NEW YORK et al., Defendants, and FELIX ASSOCIATES, LLC, Appellant. [866 NYS2d 184]—

Orders, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 5, 2007 and January 9, 2008, which, in an action for personal injuries sustained in a trip and fall allegedly caused by a raised manhole cover in a street intersection, denied defendants-appellants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff filed a notice of claim against defendant City, and, four months after the accident, at a General Municipal Law § 50-h examination, unequivocally testified that she had tripped over a manhole cover that was protruding approximately $2^{1}/_{2}$ inches above the ground. Plaintiff and the City were the only parties present at the section 50-h examination, and it is undisputed that no notice thereof was given to defendants-appellants, a contractor who had allegedly performed a water main installation in the intersection, and a contractor and resident engineer for a street resurfacing project that had allegedly included the intersection. At a deposition held almost three years after the accident, plaintiff testified that she was unable to say with certainty that she knew, on the day of the accident, that she had tripped over a manhole cover, but rather made that determination with certainty when she returned to the scene of the accident three weeks after the accident, and although she may have made that determination before the day she returned three weeks later, perhaps even as early as the day of the accident, she could not say for sure.

Appellants argue that plaintiff's section 50-h testimony is hearsay as to them and therefore may not be considered for the

purpose of identifying the cause of plaintiff's fall, in opposition to their motions for summary judgment (citing, inter alia, *Fernandez v VLA Realty, LLC*, 45 AD3d 391 [2007] [defendant property owners entitled to summary judgment where plaintiff could not identify cause of fall at his deposition]). While appellants did not have the opportunity to cross-examine plaintiff at the section 50-h examination itself, their argument, which relies on *Claypool v City of New York* (267 AD2d 33 [1999] [plaintiffs' decedent's section 50-h testimony could not be used against defendant property owners where latter were not notified of section 50-h examination and did not take decedent's deposition before she died]), overlooks that appellants did have an opportunity to cross-examine plaintiff about her section 50-h testimony at her later deposition. But even if plaintiff's section 50-h testimony were deemed inadmissible hearsay as to appellants, it was not the only evidence that plaintiff offered on the issue of causation in opposition to appellants' motions, and it thus may be considered along with the admissible deposition testimony (*see Matter of New York City Asbestos Litig.*, 7 AD3d 285, 285 [2004] ["evidence otherwise excludable at trial may be considered in opposition to a motion for summary judgment as long as it does not become the sole basis for the court's determination"]). In order to survive appellants' motions for summary judgment, plaintiff was not required to state for certain that she knew exactly what she tripped over the very instant that she tripped over it. To the extent that plaintiff's deposition testimony in this regard was vague or inconsistent with her section 50-h testimony, a credibility issue is raised to be decided by the jury, not the court on a motion for summary judgment. Certainly, plaintiff's deposition testimony, in conjunction with her section 50-h testimony, is more than sufficient to identify a protruding manhole cover as the cause of her trip and fall; indeed, plaintiff's deposition testimony would be sufficient in that regard even if considered alone. Concur—Mazzarelli, J.P., Williams, Buckley and Renwick, JJ.