■ Luis Jara, Respondent, v J. Salinas-Ramirez, Appellant. [885 NYS2d 286]—

Order, Supreme Court, New York County (John A. Barone, J.), entered on or about March 15, 2009, which, in an action for personal injuries arising out of a hit-and-run accident, insofar as appealed from, denied defendant's motion for summary judgment on the issue of whether his vehicle was involved in the accident, unanimously affirmed, without costs.

Plaintiff testified at deposition that after being hit by a dark-colored van, he followed the van for about three blocks, "not even a minute," and then called the police and returned to the scene, where he was approached by two persons, a man and woman, who both told him that they wrote down the license plate number of the van. Plaintiff further testified that the man gave plaintiff a piece of paper with the license plate number on it, and then left without giving plaintiff his name; that the woman stayed with plaintiff and verbally gave the license plate number to the police when they arrived approximately ten minutes later; and that the number that the woman gave the police was the same as the number that the man had written on the piece of paper. There is no dispute that the license plate number allegedly given to the police belongs to a blue and gray van registered to defendant. Plaintiff no longer has the piece of paper given to him by the man; while plaintiff does have the woman's name, he has not been able to locate her; and there is no police accident report in the record. For present purposes, i.e., defendant's motion for summary judgment, plaintiff's

testimony regarding the statements allegedly made by the two witnesses identifying the license plate number of the offending vehicle was sufficiently corroborated by his other testimony, accurately describing the offending vehicle as a dark-colored van and asserting that the woman made her statement to the police at the scene of the accident 10 minutes after the accident, to invoke the "present sense impression" exception to the hearsay rule and raise a triable issue of fact as to whether defendant's vehicle was involved in the accident (*see People v Brown*, 80 NY2d 729, 737 [1993] [corroboration required for present sense impression exception "will depend on the particular circumstances of each case and must be left largely to the sound discretion of the trial court"]; *cf. People v Smith*, 267 AD2d 407, 408 [1999] [911 call made after robber left scene sufficiently contemporaneous to be admitted under present sense impression exception]). The foregoing is not to be understood as a ruling that these hearsay statements regarding the offending vehicle's license plate number are to be admitted at trial. Concur—Gonzalez, P.J., Andrias, Catterson, Acosta and Abdus-Salaam, JJ.