■ Marsha Zimbler et al., Respondents, v Resnick 72nd St Associates, Defendant, and The Board of Managers of the Oxford on Seventy Second et al., Appellants. [914 NYS2d 41]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 12, 2010, insofar as it denied the motions of defendants the Board of Managers of the Oxford on Seventy Second and Brown Harris Stevens Residential Management, LLC and defendant the Fitness Company for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The infant plaintiff was injured when a sliding glass door leading from an outdoor playground to the fitness club lounge fell on her as she attempted to open it. Plaintiff, who had used a different door to get from the lounge to the playground, testified at her deposition that when she tried to slide open the door that was not on the track, the top part started to fall on her. The building superintendent testified at his deposition that he arrived at the scene within minutes of the accident and was told by the infant plaintiff's nanny that the door was out of its track. In a second conversation, after the infant plaintiff was taken out by emergency medical personnel, the nanny told the superintendent that the door was outside its frame and had been in that position from the time she and the infant plaintiff entered the premises, maybe an hour or two before the accident.

In opposition to defendants' prima facie showing of entitlement to summary judgment, plaintiffs produced sufficient evidence to raise a material issue of fact as to whether the door's

off-track position was discernable for a long enough time to provide defendants with constructive notice of the dangerous condition (*see e.g. Rose v Da Ecib USA*, 259 AD2d 258, 260 [1999]). Although the nanny's statements were not admissible under the excited utterance exception to the hearsay rule since there was no showing that they were made under the stress of excitement caused by the accident (*see Lieb v County of Westchester*, 176 AD2d 704 [1991]; *Pector v County of Suffolk*, 259 AD2d 605 [1999]; *compare Gagliardi v American Suzuki Motor Corp.*, 303 AD2d 718 [2003], *lv denied* 100 NY2d 516 [2003]), they were not the only evidence offered in opposition to defendants' motions from which constructive notice may be inferred, and thus may be considered along with the admissible evidence (*see DiGiantomasso v City of New York*, 55 AD3d 502 [2008]; *Matter of New York City Asbestos Litig.*, 7 AD3d 285, 286 [2004]; *Guzman v L.M.P. Realty Corp.*, 262 AD2d 99, 100 [1999]).

Although it was not addressed by the motion court, we note that the doctrine of res ipsa loquitur is not applicable to the facts here, where the door, located in a heavily trafficked area and intended to be used by the public, was not within the exclusive control of defendants (*see Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]). Concur—Gonzalez, P.J., Mazzarelli, Andrias, Nardelli and Richter, JJ.