■ MARYANNE KOVACH, Appellant, v PJA, LLC, et al., Respondents. [11 NYS3d 2]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered February 26, 2014, which granted defendants' motions for summary judgment and denied plaintiff's cross motion for summary judgment, unanimously modified, on the law, to deny defendants' motions, and otherwise affirmed, without costs.

Plaintiff alleges that she fell and broke her nose when she tripped over a raised sidewalk in front of the hardware store operated by defendant New York City Hardware & Supplies, Inc., which is in a building owned by defendant PJA. At her deposition, plaintiff testified that she fell because her foot hit a bump in the sidewalk. Defendants moved for summary judgment on the ground that plaintiff's inability to identify the bump or defect in photographs shown to her at her deposition prevented her from being able to prove that her accident was proximately caused by a sidewalk defect for which they were responsible (*see Siegel v City of New York*, 86 AD3d 452 [1st Dept 2011]). Under the circumstances, plaintiff's testimony was sufficient to demonstrate a causal "nexus" between a defect in the sidewalk in front of PJA's property and her fall, and she was not required to prove "precisely which particular" defect in the sidewalk caused her to fall in order to avoid summary judgment (*Cherry v Daytop Vil., Inc.*, 41 AD3d 130, 131 [1st Dept 2007]; *see also Figueroa v City of New York*, 126 AD3d 438 [1st Dept 2015]).

Defendant New York City Hardware also presented an employee's affidavit in support of its position that plaintiff fell in front of the adjacent building where the sidewalk was raised

near a manhole cover. However, the affidavit is contradicted by plaintiff's testimony that she fell in front of the hardware store and that she did not recall a manhole cover.

We note that, in opposition to the motions, plaintiff submitted a police-aided report that stated that her accident occurred in front of the hardware store and involved an uneven sidewalk that was raised 1¼ inch. Although hearsay, the police report may be considered, together with the admissible evidence of plaintiff's deposition testimony concerning the cause of her accident, in opposition to the motions for summary judgment (*see Jara v Salinas-Ramirez*, 65 AD3d 933 [1st Dept 2009]; *Zimbler v Resnick 72nd St Assoc.*, 79 AD3d 620 [1st Dept 2010]). Plaintiff's evidence, however, was insufficient to warrant the grant of partial summary judgment in her favor since issues of fact exist. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Clark, JJ.