Valentin Avanesov, Physician PC, a/a/o Valentina Kaganova, Plaintiff-Appellant,
against
Travelers Property Casualty Company of America, Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Gerald Lebovits, J.), entered April 15, 2015, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment.




Per Curiam.
Order (Gerald Lebovits, J.), entered April 15, 2015, modified to deny defendant's motion for summary judgment and to reinstate the complaint; as modified, order affirmed, with $10 costs.
Defendant-insurer moved for summary judgment dismissing this first-party no-fault action on the ground that its insured was not involved in the underlying motor vehicle accident in which plaintiff's assignor was allegedly injured. Although defendant submitted a perfunctory affidavit of the insured, containing a conclusory allegation that he was "not involved in a motor vehicle accident involving a pedestrian" on the date at issue, defendant also submitted the insured's detailed unsworn statement indicating that the insured was present at the scene and making a left turn with his vehicle, when "the next thing [he] kn[e]w, the person was on the floor" in front of his vehicle. In addition, the EUO testimony of the assignor indicated that on the date, time and location at issue, she was struck by a vehicle while crossing an intersection.
All of the evidence submitted on a motion for summary judgment is construed in the light most favorable to the opponent of the motion (see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931 [2007]). Further, in opposition to such motion for summary judgment, a court can consider hearsay evidence, as long as it does not become the sole basis for the court's determination (see Matter of New York City Asbestos Litig., 7 AD3d 285, 285 [2004]). Applying these principles, the record evidence including the insured's unsworn statement submitted by defendant (see People v Greenberg, 95 AD3d 474, 483-484 [2012], affd 21 NY3d 439 [2013]), raises triable issues as to whether the insured was involved in the subject accident.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 25, 2017