Matter of New York City Asbestos Litig. (2021 NY Slip Op 00372)





Matter of New York City Asbestos Litig.


2021 NY Slip Op 00372


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Index No. 190063/16 Appeal No. 12925 Case No. 2020-02378 

[*1]In the Matter of New York City Asbestos Litig.
Seval Morgan, Individually, and as Proposed Executrix for Bernd Hildebrand, Plaintiff-Respondent,
v
American Home Assurance Company, Inc., et al., Defendants, Port Authority of New York and New Jersey, Defendant-Appellant.


Segal McCambridge Singer & Mahoney, Ltd., New York (Michael J. McKeown of counsel), for appellant.
Meirowitz & Wasserberg, LLP, New York (Kush Shukla of counsel), and Shrader & Associates, Houston TX (Bradley Peek, of the bar of the State of Texas, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered October 21, 2019, which denied the motion of defendant Port Authority of New York and New Jersey (Port Authority) for summary judgment insofar as it sought dismissal of the Labor Law § 200 and common-law negligence claims, unanimously affirmed, without costs.
Plaintiff's decedent, who died in 2015, allegedly contracted malignant pleural sarcomatoid mesothelioma as a result of exposure to asbestos-containing products in the course of his employment with Pan American World Airways, Inc. (Pan Am) at John F. Kennedy International Airport in the 1970s. There are at least issues of fact as to whether defendant "had the authority to control the activity bringing about the injury," "namely, the application of asbestos-containing materials" in the airport terminal where decedent worked (Matter of New York Asbestos Litig., 146 AD3d 461, 461, 462 [1st Dept 2017], appeal dismissed 29 NY3d 1141 [2017]). Under a lease agreement between Port Authority and Pan Am, before Pan Am commenced any construction work at the airport as required under the agreement, Pan Am needed to obtain Port Authority's advance approval to Pan Am's specifications, including as to "materials." The lease also gave Port Authority the right to conduct testing on samples of the materials. A witness who was Pan Am's project manager at times relevant to this action testified that Port Authority "dictated what had to be done," and "would make a determination" as to which "material" needed to be "remove[d] or not remove[d]." The project manager also testified that Port Authority's resident engineers inspected the site to ensure compliance with Port Authority's specifications (see id. at 462). In addition, testimony by decedent's Pan Am coworker, who remembered her "constant interaction" with decedent in the terminal, raised issues of fact as to whether the regular application of asbestos-containing products in the terminal caused decedent to be exposed to asbestos fibers in the air.
It does not avail Port Authority to argue that some of the coworker's testimony was inadmissible hearsay. Plaintiff, as the party opposing summary judgment, "may be permitted to demonstrate acceptable excuse for [a] failure to meet the strict requirement of tender in admissible form" (Zuckerman v New York, 49 NY2d 557, 562 [1980]). In this case, decedent died without being deposed, and the allegations center on occurrences in the 1970s. Moreover, any evidence that would be inadmissible at trial is not the sole basis for the finding that there are issues of fact (see Matter of New York City Asbestos Litig., 7 AD3d 285, 285 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021