Matter of New York City Asbestos Litig. (2021 NY Slip Op 03291)





Matter of New York City Asbestos Litig.


2021 NY Slip Op 03291


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 190011/17 Appeal No. 13907 Case No. 2020-04707 

[*1]In the Matter of New York City Asbestos Litigation.
Michelle Shanahan, as Executrix for the Estate of Arthur Shanahan and Michelle Shanahan Individually, Plaintiff-Respondent,
Aerco International, Inc. et al., Defendants, Mario & DiBono Plastering Co., Inc., Defendant-Appellant.


Clyde & Co US LLP, New York (Jeffrey C. Fegan of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Jason P. Weinstein of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about May 28, 2020, which denied defendant Mario & DiBono Plastering Co., Inc.'s (M&D) motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.
The court properly denied M&D's summary judgment motion since it failed to unequivocally establish that the materials it used could not have contributed to plaintiff's injury (see Matter of New York City Asbestos Litig., 122 AD3d 520, 521 [1st Dept 2014]; Reid v Georgia-Pacific Corp., 212 AD2d 462, 463 [1st Dept 1995]). In light of the decedent's testimony, which M&D submitted in support of it motion, identifying the fireproofing as a source of his exposure and M&D as the contractor that applied the fireproofing, plaintiff's failure to specifically list M&D in response to interrogatories was not, by itself, sufficient for M&D to satisfy its burden (cf. Schiraldi v U.S. Min. Prods., 194 AD2d 482, 483 [1st Dept 1993]).
In any event, in opposition to M&D's motion, plaintiff submitted sufficient evidence of facts and conditions from which M&D's liability may be reasonably inferred (Reid at 463). In addition to decedent's own testimony, this included documentation from the 1960s and testimony from a representative of one of M&D's suppliers concerning the use of asbestos in the fireproofing material, as well as M&D's knowledge of hazards associated with such fireproofing material (id.). Contrary to M&D's contention, the court properly considered the testimony and documentation submitted by plaintiff in opposition to the motion (Matter of N.Y. City Asbestos Litig., 7 AD3d 285, 285 [1st Dept 2004]; see also Matter of New York City Asbestos Litig., 190 AD3d 589 [1st Dept 2021]).
Regardless of whether M&D would have had the burden of showing that it did not launch a force or instrument of harm, the evidence submitted by plaintiff in opposition to the motion was sufficient to raise an issue of fact as to whether M&D's actions launched such a force or instrument of harm (see generally Karydas v Ferrara-Ruurds, 142 AD3d 771, 772 [1st Dept 2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021