**Reid v City of New York**

2024 NY Slip Op 30011(U)

January 2, 2024

Supreme Court, New York County

Docket Number: Index No. 400032/2014

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JUDY H. KIM**      PART     **05RCP**

*Justice*

------------------------------------------------------------------X

MARGARET REID,

            Plaintiff,

        - v -

THE CITY OF NEW YORK, MADISON SQUARE GARDEN,
L.P., MSG HOLDINGS, L.P., THE MADISON SQUARE
GARDEN COMPANY, MADISON SQUARE GARDEN
CENTER, INC.,DEFOE CORP.,

            Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 400032/2014 |
| MOTION DATE | 05/17/2023 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 39, 40, 41, 42, 43,
44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 59, 67

were read on this motion to/for      SUMMARY JUDGMENT (AFTER JOINDER)   .

Upon the foregoing documents, the motion by defendants Madison Square Garden L.P.,

MSG Holdings, L.P., the Madison Square Garden Company, and Madison Square Garden Center,

Inc.'s (collectively, "MSG"), pursuant to CPLR §3212, for summary judgment dismissing

plaintiff's complaint as against it is denied for the reasons set forth below.

On September 26, 2012, plaintiff commenced this action alleging that on October 26, 2011,

she tripped and fell on a raised portion of the "sidewalk, path, and/or walkway" in front of

Pennsylvania Station, specifically, at the northeast corner of West 31st Street, near its intersection

with Eighth Avenue, New York, New York, sustaining injuries (NYSCEF Doc. Nos. 42 [Bill of

Particulars at ¶¶5-6]) and 43 [Compl. at ¶¶14-20]). Plaintiff asserts negligence claims against the

City of New York and MSG[1], alleging that these defendants caused and created the defect at issue and failed to remedy same despite having actual or constructive notice thereof and, as pertinent here, that MSG violated Administrative Codes §§19-138, 19-146, and 19-152 (NYSCEF Doc. Nos. 42 [Bill of Particulars at ¶14] and 43 [Compl. at ¶¶23-58]).

On October 22, 2012, the City interposed an answer asserting crossclaims against MSG for contribution and indemnification (NYSCEF Doc. No. 45 [Answer at ¶13]).

At her examination before trial ("EBT"), plaintiff testified that, after crossing east on Eighth Avenue to proceed into the Pennsylvania Station entrance located at the corner of West 31st Street and Eighth Avenue, she stepped onto the sidewalk and immediately fell:

Q Did you step up onto the sidewalk before your accident happened at that point?

…

A When I went to, I went to step up on the sidewalk, and it was something I don't know what was there, and I just fell.

…

Q When you stepped on the sidewalk at 31st Street and 8th Avenue, was there like a sloped ramp so that people like with wheelchairs could go on, a little cutout?

A I don't know what that was but it was something there that like maybe the sidewalk was up a little bit.

…

Q After you put your left foot up, was your right foot still in the roadway?

A I don't remember. All I know I was on the ground.

Q After you put your left foot up when you came from the roadway, how many steps did you take before you fell?

---

[1] Plaintiff also asserts negligence claims against defendant Defoe Corp. However, Defoe Corp. was granted summary judgment pursuant to a decision and order dated March 28, 2019 (NYSCEF Doc. No. 31).

**400032/2014  REID, MARGARET vs. CITY OF NEW YORK**
**Motion No.  005**

**Page 2 of 7**

[* 2]

A I don't remember.

Q Did you take more than one or did you fall as soon as you stepped up?

A As soon as I stepped up I fell.

…

Q When you put your left foot up right before you fell, did you feel it hit anything?

A Yeah, the ground.

Q Did you feel your right foot hit anything?

A I don't remember, but all I remember is I remember I was on the ground.

…

Q So the direction you were walking when you fell, was that towards Penn Station, or were you walking was Penn Station on your right or Penn Station on your left?

A No, I was going straight to Penn Station. I was going straight through the doors like I normally go straight through the doors, and when I went to get on the, to go on the sidewalk, that is when I, something I don't know what it was there, it was either, it was up a little bit, the sidewalk was up a little bit and I fell. Next thing I know I was on the ground.

Q When you say the sidewalk was up a little bit, how do you know that?

A I guess because it looked like it was up a little bit there.

Q Did you see that before you fell, while you were falling, after you fell?

A While I was falling yes, when I was falling it looked like the sidewalk and then all I did was went down like that.

Q While you were falling what did you see?

A Nothing but the ground.

Q You said while you were falling you saw it was up a little bit; tell me exactly what you saw while you were falling.

A It looks like maybe the sidewalk was up a little bit one part was a little bit higher than the other part.

**400032/2014 REID, MARGARET vs. CITY OF NEW YORK**
**Motion No. 005**

**Page 3 of 7**

3 of 7

[* 3]

Q How high?

…

A … Maybe about, maybe I couldn't say like a few, little inch, [an] inch or two or so from the ground.

Q An inch?

A Or two.

…

Q How did that cause you to fall?

A I guess when I went to step up and I must have, I don't know, my I don't know how it made me fall, I really don't. I don't understand how I fell. All I know is that I fell.

(NYSCEF Doc. No. 26 [Reid EBT at pp. 119-128] [emphasis added]).

No photographs identifying the alleged defect or its precise location were marked at plaintiff's EBT or submitted in support or in opposition to the instant motion.

MSG now moves for summary judgment dismissing plaintiff's complaint and all crossclaims as against it, arguing[2] that it cannot be held liable for negligence in this action because plaintiff's EBT testimony establishes that she cannot identify the defective condition that precipitated her fall without resorting to speculation.

Plaintiff opposes MSG's motion, arguing that plaintiff has sufficiently identified that a raised portion of the sidewalk caused her accident and that MSG has failed to establish that it did not exercise any control over the subject sidewalk.

---

[2] The Court rejects MSG assertion that it can be determined, at this juncture, that Administrative Codes §§19-138 and 19-146 are inapplicable in this case. To the extent that Administrative Code §-112[13]'s definition of "street" encompasses a sidewalk, Administrative Codes §19-138 and 19-146, which make it "unlawful for any person to break or otherwise injure any street" or cause any part of the street to be raised without permission, respectively, are applicable (See Crafts v City of New York, 2008 NY Slip Op 30823[U], *9-10 [Sup Ct, NY County 2008]).

400032/2014  REID, MARGARET vs. CITY OF NEW YORK
Motion No. 005

Page 4 of 7

[* 4]

# DISCUSSION

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [internal citations omitted]).

As an initial matter, the Court notes that MSG takes no position as to whether it owned the portion of the sidewalk where plaintiff fell, whether it lacked actual or constructive notice of any defective condition on that sidewalk, or whether it caused or created any such defect. Rather, MSG argues only that it cannot be held liable in this action because plaintiff cannot identify the defective condition that precipitated her fall. The Court disagrees.

While "[i]t is well settled that a defendant is entitled to summary judgment as a matter of law when a plaintiff provides testimony that he or she is unable to identify the defect that caused his or her injury" (Siegel v City of New York, 86 AD3d 452, 454-455 [1st Dept 2011]), plaintiff is "not required to prove precisely which particular defect in the sidewalk caused her to fall in order to avoid summary judgment" (Kovach v PJA, LLC, 128 AD3d 445, 445 [1st Dept 2015] [internal quotations omitted]) or identify the precise location of her fall (See Tomaino v 209 E. 84th St. Corp., 72 AD3d 460, 461 [1st Dept 2010]). Rather, plaintiff need only "demonstrate a causal nexus between a defect in the sidewalk ... and her fall" to defeat summary judgment

**400032/2014 REID, MARGARET vs. CITY OF NEW YORK**
**Motion No. 005**

**Page 5 of 7**

5 of 7

(Kovach v PJA, LLC, 128 AD3d 445, 445 [1st Dept 2015]).

Plaintiff has satisfied this standard. Her EBT testimony that, upon stepping onto the sidewalk at the corner of West 31st Street and Eighth Avenue, she fell and then noticed that the "sidewalk was up a little bit," is sufficient to identify the defective condition that caused her to fall (See Kovach v PJA, LLC, 128 AD3d 445, 445 [1st Dept 2015] [plaintiff's testimony that her foot hit a "bump" in the sidewalk sufficient to identify defective condition that precipitated her fall despite being unable to identify same in photographs]; see also Cherry v Daytop Vil., Inc., 41 AD3d 130, 131 [1st Dept 2007]; Martinez v City of New York, 190 AD3d 561, 561 [1st Dept 2021]). To the extent plaintiff vacillated, during this testimony, between stating that she did not know what precipitated her fall and attributing her fall to a raised sidewalk, this "inconsistenc[y] in plaintiff's testimony as to the cause of her fall present[s] credibility issues for the jury's determination" (Martinez v City of New York, 190 AD3d 561, 561 [1st Dept 2021]).

Accordingly, it is

**ORDERED** that the Madison Square Garden L.P., MSG Holdings, L.P., the Madison Square Garden Company, and Madison Square Garden Center, Inc.'s motion for summary judgment is denied; and it is further

**ORDERED** that, within fifteen days of the date of this decision and order, counsel for plaintiff shall serve a copy of this decision and order, with notice of entry, on defendants as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on*

400032/2014  REID, MARGARET vs. CITY OF NEW YORK
Motion No. 005

Page 6 of 7

6 of 7

*Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on this Court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of the Court.

| 1/2/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **HON. JUDY H. KIM, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

400032/2014  REID, MARGARET vs. CITY OF NEW YORK
Motion No. 005

Page 7 of 7

[* 7]