Reid v City of New York (2024 NY Slip Op 04532)

Reid v City of New York

2024 NY Slip Op 04532

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Michael, JJ. 

Index No. 400032/14 Appeal No. 2595 Case No. 2024-00661 

[*1]Margaret Reid, Plaintiff-Respondent,
v
The City of New York et al., Defendants, Madison Square Garden, L.P. et al., Defendants-Appellants.

Carol R. Finocchio, Water Mill, for appellants.
Hoberman & Trepp, P.C., Bronx (Adam F. Raclaw of counsel), for respondent.

Order, Supreme Court, New York County (Judy H. Kim), entered January 3, 2024, which denied the motion for summary judgment made by defendants Madison Square Garden Company, MSG Holdings, LP, formerly known as Madison Square Garden LP i/s/h/a Madison Square Garden Center, Inc. (the MSG defendants) dismissing the complaint and all cross-claims as against them, unanimously affirmed, without costs.
The court properly denied MSG defendants' motion for summary judgment dismissing the complaint as against them on the basis that plaintiff was unable to identify the cause or location of her fall. Plaintiff sufficiently identified the cause of her fall as a raised sidewalk (see Kovach v PJA, LLC, 128 AD3d 445, 445 [1st Dept 2015]). She also sufficiently identified the general location of her accident on the sidewalk at the corner of 31st Street and Eighth Avenue in front of Penn Station (see e.g., Martinez v City of New York, 190 AD3d 561, 561 [1st Dept 2021]). To the extent that plaintiff's testimony was vague or inconsistent concerning how and where she fell, this presents credibility issues for the jury's determination (see DiGiantomasso v City of New York, 55 AD3d 502, 503 [1st Dept 2008]). The MSG Defendants also failed to establish that they did not violate Administrative Code of City of NY § 7-210 because plaintiff's accident occurred on the pedestrian ramp or the curb, rather than the sidewalk. Plaintiff did not testify that her accident occurred on the ramp, and she testified that she stepped over the curb onto the sidewalk when she fell. Notably, plaintiff's ability to investigate and photograph the site of her accident was hindered by the fact that the accident location was altered later in the day that her accident occurred when bollards were installed on the sidewalk around Penn Station.
We have considered the MSG defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024