| |
|---|
| **Patton v Aerco Intl., Inc.** |
| 2024 NY Slip Op 33626(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 190290/2020 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ADAM SILVERA**

_Justice_

PART **13**

-----------------------------------------------------------------------X

CANDACE PATTON, CANDACE PATTON,

Plaintiff,

- v -

AERCO INTERNATIONAL, INC.,BMCE INC.,IN ITSELF AND AS SUCCESSOR TO UNITED CENTRIFUGAL PUMP CO., TISHMAN LIQUIDATING CORPORATION, TISHMAN REALTY & CONSTRUCTION CO., INC.,JOHN DOE 1 THROUGH JOHN DOE 75 (FICTITIOUS)

Defendant.

-----------------------------------------------------------------------X

INDEX NO. 190290/2020

MOTION DATE 06/03/2024

MOTION SEQ. NO. 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, it is ordered that defendant Tishman Liquidating Corporation's (hereinafter referred to as "Defendant Tishman") instant motion for summary judgment seeking to dismiss is decided below.

In this asbestos action, Defendant Tishman moves for summary judgment to dismiss the complaint arguing, _inter alia_, that it was a necessary party to an action commenced in Illinois (hereinafter referred to as the "Illinois Action"), that plaintiff decedent's deposition transcript may not be used against Defendant Tishman in the instant action as it is hearsay, and that moving defendant is prejudiced in having to defend this action since Article 16 will bar it from presenting evidence at trial regarding a joint tortfeasor's apportionment of liability. Defendant Tishman further moves to dismiss plaintiff's claim of punitive damages against it. Plaintiff opposes and Defendant Tishman replies.

**190290/2020  PATTON, JOHN ET AL vs. AERCO INTERNATIONAL, INC. ET AL**
**Motion No.  002**

**Page 1 of 6**

Here, plaintiff commenced an action in Illinois in October of 2019 naming, *inter alia*, two Tishman defendants, Tishman Construction Corporation and Tishman Realty & Construction Co. In the Illinois Action, plaintiff's deposition was completed in December 2019. Thereafter, plaintiff amended the complaint in the Illinois Action in February of 2020 to add Defendant Tishman. Service of the complaint in the Illinois Action was made upon Defendant Tishman's registered agent who had previously resigned and was no longer working in that capacity such that service of such complaint was never effectuated against Defendant Tishman. Thereafter, plaintiff commenced the instant action in New York alleging the identical claims that were brought forth in the Illinois Action against Defendant Tishman.

In the instant motion, moving defendant argues that it was a necessary party in the Illinois Action such that it is prejudiced in defending the instant action. According to Defendant Tishman, the jurisdictional bar articulated in Article 16 of the CPLR prevents moving defendant from raising defenses regarding the liability of joint tortfeasors as such issue is not at issue herein, but rather are the subject of the Illinois Action. Defendant Tishman argues that the alleged exposure occurred in Illinois, and New York State does not have personal jurisdiction over the joint tortfeasors. Defendant Tishman further argues that plaintiff's deposition transcript is inadmissible hearsay as Defendant Tishman was not a party to the Illinois Action at the time of plaintiff's deposition and that it was deprived of the opportunity to cross-examine plaintiff at the deposition. Plaintiff, Mr. John Patton, has since passed away. Furthermore, moving defendant argues that it was a corporation which has now been dissolved and its defense is predicated solely on a remaining insurance policy such that punitive damages may not be maintained against it.

190290/2020   PATTON, JOHN ET AL vs. AERCO INTERNATIONAL, INC. ET AL          Page 2 of 6
Motion No.  002

2 of 6

[* 2]

In opposition, plaintiff argues that Defendant Tishman was not a necessary party to the Illinois Action as joint tortfeasors are not considered necessary parties in New York, and that moving defendant relied upon Illinois law in alleging that it was a necessary party rather than New York law. Plaintiff further argues that Article 16 of the CPLR does not preclude Defendant Tishman from raising defenses regarding joint tortfeasors. Plaintiff contends that plaintiff's deposition transcript is permitted herein and at trial since Defendant Tishman is the corporate successor of Tishman Realty & Construction, a defendant that was present for plaintiff's deposition in the Illinois Action. According to plaintiff, no case law exists supporting moving defendant's argument that punitive damages must be dismissed based upon the fact that it is a dissolved corporation.

Preliminarily, the Court notes that Defendant Tishman correctly argues that it is not a successor in interest to Tishman Realty & Construction as alleged by plaintiff. *See* Tishman Liquidating's Reply Affirmation in Support of its Motion for Summary Judgment, ¶¶ 9-12; *see also* James Edwards' Affirmation in Support dated February 1, 2024, mot. seq. no. 001. Defendant Tishman Realty & Construction was a co-defendant in the instant action who previously moved for summary judgment (mot. seq. no. 001) herein seeking to dismiss this action as against it. Thereafter, plaintiff did not oppose defendant Tishman Realty & Construction's request for dismissal and an Unopposed Summary Judgment Motion and Order was executed by the parties, and later so ordered by the Court on March 5, 2024.

CPLR §3117(a)(3) states that "the deposition of any person may be used by any party for any purposes against any other party who was present or represented at the time of the deposition or who had the notice required under these rules, provided the court finds: (i) that the witness is dead". Here, Defendant Tishman was not a party to the Illinois Action at the time plaintiff's

**190290/2020   PATTON, JOHN ET AL vs. AERCO INTERNATIONAL, INC. ET AL**                **Page 3 of 6**
**Motion No.  002**

3 of 6

[* 3]

deposition testimony was taken and Defendant Tishman was not present, either individually or by any successor in interest. As such, the deposition transcript of plaintiff may not be used against Defendant Tishman in the instant action as such testimony is impermissible hearsay. With regards to the use of plaintiff's deposition transcript in the instant motion for summary judgment, the Appellate Division, First Department, has consistently held that "evidence otherwise excludable at trial may be considered in opposition to a motion for summary judgment as long as it does not become the sole basis for the court's determination". *In Re NYC Asbestos Litig., Oken v A.C.&S., et. al.*, 7 AD3d 285, 285 (1st Dep't 2004). As plaintiff's deposition transcript is the sole evidence presented herein to establish the facts, it is not considered herein.

With regards to Defendant Tishman's argument regarding joinder, CPLR §1003 states that "[n]onjoinder of a party who should be joined under section 1001 is a ground for dismissal of an action without prejudice unless the court allows the action to proceed without that party under the provisions of that section." CPLR §1001 states that "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants." Here, it is undisputed that plaintiff commenced an action against Defendant Tishman in the Illinois Action. Upon plaintiff's failure to effectuate service upon Defendant Tishman in such Illinois Action, through service of the registered agent, plaintiff commenced the instant action against Defendant Tishman. Notably, following the failed service upon Defendant Tishman's former registered agent, plaintiff made no further attempts to serve Defendant Tishman in the Illinois Action. While plaintiff is correct that joint tortfeasors are not considered necessary parties in New York, that is not the only consideration. Under the specific circumstances of this case, nonjoinder of parties who would be necessary for complete relief to either plaintiff or to

**190290/2020 PATTON, JOHN ET AL vs. AERCO INTERNATIONAL, INC. ET AL**
**Motion No. 002**

**Page 4 of 6**

4 of 6

[* 4]

Defendant Tishman is grounds for dismissal as stated above. CPLR §1601 states that "the culpable conduct of any person not a party to the action shall not be considered in determining any equitable share herein if the claimant proves that with due diligence he or she was unable to obtain jurisdiction over such person in said action". The joint tortfeasors in the Illinois Action are not New York corporations, did not conduct business in New York, and the alleged exposure to asbestos did not occur in New York. Thus, Defendant Tishman correctly argues that it will be prejudiced herein as a jury in this action would not consider the culpable conduct of the joint tortfeasors in the Illinois Action who are being sued for the same injury alleged herein. As such, the instant motion is granted to the extent that this action is dismissed without prejudice as against Defendant Tishman. The remaining arguments are, thus, moot.

Accordingly, it is

ORDERED that the motion of Defendant Tishman seeking to dismiss the complaint herein is granted and the complaint is dismissed without prejudice in its entirety as against said defendant only, with costs and disbursements to said defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant only; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

190290/2020  PATTON, JOHN ET AL vs. AERCO INTERNATIONAL, INC. ET AL
Motion No. 002

Page 5 of 6

[* 5]

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (access*ible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the Decision/order of the Court.

| 10/7/2024 | | | | ADAM SILVERA, J.S.C. | |
|-----------|--|--|--|----------------------|--|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**190290/2020   PATTON, JOHN ET AL vs. AERCO INTERNATIONAL, INC. ET AL**
**Motion No.  002**

Page 6 of 6

6 of 6